767 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID H. ELKINS, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 83-5863
 United States Court of Appeals, Sixth Circuit.
 6/26/85
 
 M.D.Tenn.
 REVERSED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: CONTIE and MILBURN, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, David H. Elkins, appeals from the decision of the district court affirming the final decision of the Secretary denying his request for disability and supplemental security income ('SSI') benefits under the Social Security Act.
 
 I.
 
 2
 As the basis of his disability, plaintiff alleges that he suffers from back pain resulting from a gunshot wound. Plaintiff's last employment was with a rock crusher plant where he worked in various capacities such as a track drill operator and truck driver. Due to his physical condition, plaintiff became unable to perform the duties of those jobs, and his supervisor assigned him to a dedentary job as a lever operator. However, plaintiff testified that he eventually quit this job in September, 1978, because he was suffering too much pain.
 
 
 3
 Plaintiff filed his application for disability and SSI benefits on November 30, 1978, which was denied at all administrative levels. Thereafter, he filed a civil action in the district court, and on July 10, 1981, the court remanded the claim to the Secretary with instructions that plaintiff's treating physician state more precisely the level of plaintiff's disability. Pursuant to a remand by the Appeals Council, plaintiff was provided a hearing before an administrative law judge ('ALJ').
 
 
 4
 Among the testimony presented at the hearing was that of a vocational expert, Dr. Sieveking. Dr. Sieveking testified that if the ALJ were to find that plaintiff retained the ability to remain on a job either seated or often in a sitting position for a normal work day and could lift twenty pounds occasionally, then plaintiff could engage in certain sedentary, manufacturing jobs. Dr. Sieveking further testified that a person with such limitations probably could not find a more conducive job than plaintiff's previous one as a lever operator because there a person could move about more freely than in a manufacturing position, which often requires sitting in a relatively rigid posture without the opportunity for movement.
 
 
 5
 Based on the record before him, the ALJ held that plaintiff suffers from a severe impairment (pain), but that he retained the residual functional capacity to perform sedentary work, including his former job as a lever operator. The Appeals Council thereafter modified the ALJ's decision and held that plaintiff was not capable of performing his former job although he was capable of performing the other sedentary jobs cited by the vocational expert. The district court affirmed this decision.
 
 II.
 
 6
 Our review is limited to a determination as to whether the findings by the Secretary are supported by substantial evidence. 42 U.S.C. Section 405(g); Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). In addition,
 
 
 7
 The burden of proof in a claim for Social Security benefits is upon the claimant to show disability which prevents [him] from performing any substantial gainful employment for the statutory period. Once, however, a prima facie case that claimant cannot perform [his] usual work is made, the burden shifts to the Secretary to show that there is work in the national economy which [he] can perform.
 
 
 8
 Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980) (citations omitted).
 
 
 9
 In the present case there is not substantial evidence to support the determination by the Appeals Council that plaintiff is capable of performing significant numbers of sedentary jobs cited by the vocational expert. In light of the Appeals Council's determination that plaintiff is not capable of performing the job of lever operator, the vocational expert's testimony cannot provide support for the Secretary's decision. In fact, taken together with the vocational expert's opinion that the lever operator job is more conducive than the other cited sedentary jobs, the Appeals Council's finding that plaintiff is incapable of performing the lever operator job can lead to but one conclusion--that plaintiff is disabled.
 
 III.
 
 10
 We hold that, viewing the record as a whole, there is not substantial evidence upon which to find that the Secretary has met her burden of showing that there is work in the national economy which plaintiff is capable of performing. Accordingly, we REVERSE the decision of the district court and REMAND this action with instructions that the Secretary be directed to award benefits.